Ida Jefferies, Appellee, v. A. J. Alexander et al., Appellants.

(Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this Court at the March term, 1914. Affirmed. Opinion filed July 28, 1914.

## Statement of the Case.

Action by Ida Jefferies against A. J. Alexander, L. E. Kammier, Edward E. Kell, August Langenfeld and others either found not guilty or dismissed out of the case, under the Dramshop Act, to recover damages on account of the death of plaintiff's husband, Newton Jefferies, alleged to have resulted from his habitual intoxication brought on by the sale of intoxicating liquors to him by the defendants after plaintiff had served notice on them not to sell or give him intoxicating liquors. There was a plea of the general issue and a verdict and judgment in favor of plaintiff. To reverse the judgment, defendants appeal.

W. H. NELMS, F. P. DRENNAN and NOLEMAN & SMITH, for appellants.

BUNDY & WHAM and L. B. SKIPPER, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. INTOXICATING LIQUORS, § 225*—*when evidence tends to prove death by delirium tremens.* In an action by a wife for damages resulting from her husband's intoxication produced by a sale of liquor to him by the defendants, where the declaration alleged that the husband died of delirium tremens, *held* that there was evidence tending to show that he died of such affliction, where it was undis-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

puted that he was in a highly delirious state and was seeing and doing things commonly supposed to attend an attack of delirium tremens; but also *held* that under such conditions it was immaterial whether the delirium was properly named in the declaration or not, the proofs plainly showing a case in which plaintiff was entitled to recover.

2. Intoxicating liquors, § 208*—*when evidence to show existence of former wife of husband inadmissible.* In an action by a wife under the Dramshop Act to recover damages resulting from her husband's intoxication alleged to have been produced by the sale of liquor to him by the defendants, evidence offered to show that the husband had a wife living by a former marriage, and a decree of divorce obtained by such wife from the husband which defendants claimed was void for the reason that it failed to state that the complainant in the divorce suit was a resident of the county in which the suit was brought, *held* properly rejected on the ground that the decree could not be collaterally attacked.

3. Intoxicating liquors, § 249*—*when instruction in language of statute not misleading.* In an action brought by a wife under the Dramshop Act to recover damages resulting from the sale of intoxicating liquors to her husband, the giving of an instruction purporting to contain all the words of the statute, but omitting some portions immaterial to the case, *held* not misleading so as to constitute reversible error where other instructions given properly limited the damages to the injury sustained by plaintiff in her means of support.

4. Divorce, § 64*—*when decree cannot be collaterally attacked.* A decree of divorce cannot be attacked in a collateral proceeding for the reason that the decree did not state the complainant in the divorce suit was a resident of the county in which the suit was brought.

5. Appeal and error, § 153*—*when remarks of counsel not prejudicial.* Improper remarks of plaintiff's counsel in his argument to the jury *held* not of such material importance as to warrant a reversal of the judgment.

McBride, J., having tried this case in the court below, took no part in this decision.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.